UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JEROME PRESTLY** | * | **CIVIL ACTION NO.:** |
| **VERSUS** | * | **MAGISTRATE:** |
| **AVERITT EXPRESS, INC.** | * | **JUDGE:** |
| | * | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Averitt Express, Inc., by and through its attorneys, Adams and Reese LLP, hereby gives notice of removal and removes the above captioned action from the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, where it is currently pending, to the United States District Court for the Middle District of Louisiana, pursuant to 28 U.S.C. § 1441, *et seq.*

Defendant files this Notice of Removal with full reservation of any and all rights, defenses and objections, including but not limited to, insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, improper venue, lack of procedural capacity, improper culmination, no right of action, lack of standing, prescription, preemption, and no cause of action. In support of its Notice of Removal, Defendant states as follows:

### INTRODUCTION

1. This action entitled *Jerome Prestly v. Averitt Express, Inc.*, Suit No. 121696, Div. "B", 23rd Judicial District Court for the Parish of Ascension styled "Petition for Damages" ("Petition"), was filed on April 10, 2018, and arises out of Jerome Prestly's ("Plaintiff") claims for injuries allegedly suffered as a result of an accident caused by Defendant's negligence while Plaintiff was loading an item from his forklift onto Defendant's truck. Pltff. Pet. ¶2-3.

2. Plaintiff asserts that as a result of the accident, he "sustained severe personal injuries and disabilities consisting of, but not limited to injuries to his ankle and shoulder as well as various muscle strains and sprains, and other injuries to other parts of his body[.]" Pltff. Pet. ¶2. Plaintiff further alleges that the "injuries have caused and will continue to cause him great pain and suffering, and which injuries have required, and will continue to require, extensive medical care." *Id.* at ¶3. Plaintiff itemizes a number of alleged damages in his petition for which he seeks recovery, including past and future medical expenses; past and future physical injuries; past and future pain and suffering; past and future mental anguish; disability; disfigurement; loss of enjoyment of life; past and future loss of wages; and loss of earning capacity. Pltff. Pet. ¶4.

3. Service of process of the state court proceeding was made on Defendant, through its registered agent, on April 16, 2018.

## STATE COURT RECORD

4. As required by 28 U.S.C. §1446(A) attached to this Notice of Removal as **Exhibit "A"** are copies of all process, pleadings, and orders in this case served on the Defendant.

## VENUE

5. Venue of this removal action is proper pursuant to 28 U.S.C. §1441(a), because this Court is the United States District Court for the district embracing the place wherein the state court action is pending.

## COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES

6. The basis of jurisdiction in this Court is diversity of citizenship pursuant to 28 U.S.C. § 1332.

7. For a federal court to assert diversity jurisdiction, the diversity must be complete; meaning, the citizenship of all of the plaintiffs must be different from the citizenship of all of the defendants. *See* 28 U.S.C. § 1332 (a)(1); *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F. 3d 530, 536 (5th Cir. 2017) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam) ("[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."). As discussed below, in the instant case, complete diversity of citizenship exists between the plaintiff and the defendant.

8. Plaintiff, Jerome Prestly, is a citizen of and domiciled in the state of Louisiana. *See* Pltff. Pet. Intro. ¶. Therefore, for purposes of diversity of citizenship jurisdiction, Plaintiff is a citizen of Louisiana.

9. Defendant, Averitt Express, Inc. ("Averitt") is a foreign corporation incorporated in the state of Tennessee, with its principal place of business in Cookeville, Tennessee. Therefore, for purposes of diversity jurisdiction, Defendant Averitt is a citizen of Tennessee.

### THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED HERE

10. The amount in controversy, exclusive of interests and costs, exceeds $75,000.

11. Additionally, Plaintiff's Petition does not allege that his damages fall below the amount in controversy for federal court jurisdiction, as required by La. Code Civ. Proc. art. 893(A)(1).[1] In pertinent part, this article provides that "[n]o specific monetary amount of

---

[1] This article provides that: "[n] o specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for

damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, **the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required.** *Id.* (emphasis added). Plaintiff's Petition does not allege that his damages fall below the amount in controversy for federal court jurisdiction, as required by La. Code Civ. Proc. art. 893.

12. A plaintiff's failure to plead the lack of federal jurisdiction under La. Code Civ. art. 893 creates a "strong presumption" in favor of federal jurisdiction, especially in the absence of a stipulation that limits recovery to under $75,000. *Bruce v. Fisher*, 2006 U.S. Dist. LEXIS 64032, 2006 WL 2505908, *1 (W.D. La. 2006); *see also Berthelot v. Scottsdale Ins. Co.*, 2007 U.S. Dist. LEXIS 48584 (E.D. La. Mar. 6, 2007) ("The stipulation filed in this Court forecloses on a recovery of more than $75,000 and clarifies that the jurisdictional amount has never been at issue in this case.").

13. In addition to the strong presumption favoring federal jurisdiction, when the amount of damages is not specified in the petition, a defendant can rely on the face of the petition if it is apparent that the amount in controversy is sufficient to confer federal jurisdiction. *See Berthelot*, 2007 U.S. Dist. LEXIS 48584 at *2 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)). Here, it is facially apparent that the amount in controversy exceeds $75,000.

---

other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate."

14. Plaintiff seeks damages for this alleged injuries to his "ankle and shoulder, various muscle strains and sprains, and other injuries to other parts of his body[.]" Pltff. Pet. ¶3. As noted, Plaintiff's itemized list of alleged damages is extensive as he seeks recovery for both general and specific damages, including medical expenses (past and future); physical injuries (past and future); pain and suffering (past and future); mental anguish (past and future); disability; disfigurement; loss of enjoyment of life; loss of wages (past and future); and loss of earning capacity. Pltff. Pet. ¶4. Further, Plaintiff will undoubtedly seek recovery for his fractured ankle and rotator cuff surgery, which he alleges were caused by Defendant's negligence, and his workers' compensation claim currently exceeds $110,000. Plaintiff also seeks punitive damages pursuant to La. Civ. Code art. 2315.4[2] based on his allegation that Defendant's employee was under the influence of "alcohol and/or drugs" when the accident occurred. *Id.* at ¶7.

15. The number of claims, the nature of those claims, and Plaintiff's allegations that he will continue to suffer damages in the future establishes that the amount in controversy is sufficient to confer jurisdiction to this federal court.

## REMOVAL IS PROPER AND TIMELY

16. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1332. There is complete diversity of citizenship between parties and the amount in controversy exceeds $75,000.

---

[2] In full, La. Civ. Code art. 2315.4 states: "In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries."

17. This action is removed pursuant to 28 U.S.C. §1441 because it originally could have been brought in this court.

18. Service of process was made upon Defendant, through its registered agent, on April 16, 2018.

19. Removal of this action is timely as the Notice of Removal is being filed within thirty (30) days of service of the petition, as provided by 28 U.S.C. § 1446(B)(1). Additionally, no previous application for removal has been made, and Defendant Averitt is the only defendant in his matter.

20. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) failure to state a claim; (6) failure to join an indispensable party or parties; or, (7) any other pertinent defense available under Louisiana law, the Federal Rules of Civil Procedure, any federal statute or otherwise. Defendants reserve the right to supplement or amend this Notice of Removal.

## **PROCEDURE**

21. A copy of this Notice of Removal is being served on the Plaintiff, and pursuant to the requirement of 28 U.S.C. § 1446(d), a Notice of Filing, attaching a copy of this Notice of Removal as an exhibit, will be filed with the Clerk of Court of the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, as provided by law. The Notice of Filing of Notice of Removal is attached hereto as "**Exhibit B.**"

**WHEREFORE,** Defendant, Averitt Express, Inc., gives notice that the matter styled *Jerome Prestly v. Averitt Express, Inc.*, in the 23rd Judicial District Court for the Parish of

Ascension, State of Louisiana, Suit No. 121696, Div. "B", is hereby removed to the United States District Court for the Middle District of Louisiana, and this Court shall retain jurisdiction for all further proceedings. Defendant also respectfully requests any further relief to which it may be entitled.

    Respectfully submitted:

    **ADAMS AND REESE LLP**

    **/S/ William D. Shea**

    WILLIAM D. SHEA (#29419) – T.A.
    JUSTIN A. JACK (#36508)
    450 Laurel Street, Suite 1900
    Baton Rouge, Louisiana 70801
    Telephone: (225) 336-5200
    Facsimile: (225) 336-5220
    Email: william.shea@arlaw.com
    Email: justin.jack@arlaw.com
    ***Counsel for Defendant Averitt Express, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has this date been served on the following:
Charles B. Long
Long & Long Law Firm
Post Office Box 312
Donaldsonville, LA 70346
charleslong@longandlong.brcoxmail.com

    ( X ) CM/ECF     ( X ) Prepaid U. S. Mail
    (  ) Facsimile     ( X ) Electronic Mail
    (  ) Hand Delivery

Baton Rouge, Louisiana, this 16th day of May, 2018.

    **/S/ William D. Shea**
    William D. Shea